BERNARD REILLY, Respondent, *against* JAMES FLYNN, Appellant.

(Decided April 3d, 1882.)

An action by a sheriff to recover his term fees in certain causes, cannot be sustained by proof merely that such causes appeared upon the calendars of the courts for certain terms, and that the defendant was the attorney for the plaintiffs therein, without any evidence showing by whom the notes of issue in such causes were filed.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*Leroy S. Gove*, for appellant.

*Vanderpoel, Green & Cuming*, for respondent.

VAN BRUNT, P. J.—This is an action to recover the sheriff's term fees upon certain cases, appearing upon the calendars of the courts of this county, in which the defendant was the attorney for the plaintiffs. The sole proof upon the part of the plaintiff was the production of certain calendars showing that the causes had appeared for certain terms upon such calendars, and that the defendant was the plaintiff's attorney therein.

That the sheriff has a right to recover such fees from the attorney in a proper case has been decided by this court in the case of *Reilly* v. *Tullis* (*ante*, p. 283), and it is not necessary now to consider that question, except so far as to state that the principle upon which the attorney was held in that case was, that the services were performed at the request of the attorney, and that it has been the uniform practice for sheriffs to charge their fees to the attorney for the party for whose benefit the services are rendered, and that there is an implied assumpsit by the attorney from the uniform prac-

tice to pay for the services done for his client by his express or implied request.

In the case at bar there is no evidence whatever as to who filed the note of issue, and as a consequence there seems to be a link missing in the evidence necessary to hold the defendant responsible for these term fees. In the absence of all evidence showing by whom the note of issue, was filed, there is no room for an implied assumpsit against the attorney of the plaintiff rather than the attorney for the defendant.

Under these circumstances it would appear that there was a defect of proof in the case at bar, and that the judgment must be reversed.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed.